**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **JOHNNIE JEFFERSON,** | § | |
| | § | |
| **Plaintiff** | § | |
| | § | |
| **v.** | § | **CASE NO.: 4:25-cv-01347** |
| | § | |
| **AMEGY BANK;** | § | |
| **DOVENMUEHLE SERVICING AGENCY;** | § | |
| **CENLAR SERVICING AGENCY,** | § | |
| | § | |
| **Defendants** | § | |

**DEFENDANT ZB, NATIONAL ASSOCIATION, SUCCESSOR-BY-MERGER TO AMEGY MORTGAGE COMPANY, LLC'S ANSWER & AFFIRMATIVE DEFENSES TO PLAINTIFF'S ORIGINAL PETITION AND APPLICATION FOR TEMPORARY RESTRAINING ORDER**

COMES NOW, Defendant ZB, NATIONAL ASSOCIATION ("ZB"), and files this Answer and Affirmative Defenses to Plaintiff's Original Petition and Application for Temporary Restraining Order, and would respectfully show unto the Court the following:

**PARTIES**

**1. Plaintiff, JOHNNIE JEFFERSON, is an individual residing in Fort Bend County, Texas.**

**ANSWER**: ZB admits the allegations contained in Paragraph 1.

**2. Defendant Amegy Bank is a financial institution doing business in the State of Texas and its Nerve Center is located at Five post Oak Park, Houston, Texas. Defendant may be served with process by serving its registered Agent: Corporation Service Company, 211 E 7th Street, Suite 620, Austin, Texas.**

**ANSWER**: ZB denies the allegations contained in Paragraph 2.

**3. Defendant Dovenmuehle is a loan servicing company doing business in Texas and its Nerve Center is located in Lake Zurich, Il. Defendant may be served with process by serving its registered Agent CT Corporation System 1999 Bryan Street, Ste. 900, Dallas, Texas 75201.**

**ANSWER**: This paragraph makes no allegations against Defendant ZB, and therefore, no response is required. To the extent an answer is deemed necessary, ZB lacks knowledge and/or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 3.

**4. Defendant Cenlar is a loan servicing company doing business in Texas and its Nerve Center is located in Ewing, NJ. Defendant may be served with process by serving its registered Agent 1999 Bryan Street, Ste. 900, Dallas, Texas 75201.**

**ANSWER**: This paragraph makes no allegations against Defendant ZB, and therefore, no response is required. To the extent an answer is deemed necessary, ZB lacks knowledge and/or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 4.

**Discovery Control Plan**

**5. Under Texas Rule of Civil Procedure 190.3, Plaintiff plans to conduct discovery under Level 2 and affirmatively pleads this suit is not governed by the expedited actions process Rule 169 of the Texas Rules of Civil Procedure because Plaintiff seeks injunctive relief.**

**ANSWER**: The allegations of Paragraph 5 are mooted by the removal of this case to federal court.

**FACTUAL BACKGROUND**

**6. Plaintiff is the owner of the property located at 4123 Fisher Lake Drive, Richmond, Fort Bend County, Texas.**

**ANSWER**: ZB denies the allegations contained in Paragraph 6.

**7. On or about August 15, 2005 the Defendant Jefferson, obtained an Original Loan Agreement from Amegy Bank, to purchase the property located at 4123 Fisher Lake Drive. The first 359 Payment were $2,181.33 and the Final Payment was $2,172.93. See Exhibit A, Truth In Lending Statement.**

**ANSWER**: ZB admits only to the extent that its predecessor-by-merger Amegy Mortgage Company, LLC entered into a Promissory Note and Deed of Trust with Plaintiff on August 15, 2005 related to a property at 4123 Fisher Lake Drive, that set forth monthly payments of $2,181.33. Answering further, ZB denies the remaining allegations contained in Paragraph 7.

**8. On or about August 17, 2006, Dovenmuehle became the loan servicer.**

**ANSWER**: This paragraph makes no allegations against Defendant ZB, and therefore, no response is required. To the extent an answer is deemed necessary, ZB lacks knowledge and/or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 8.

**9. On or about June 18, 2012, Plaintiff agreed to a loan modification, which contained an approximate 3-month trial period, the amount of the payments during the trial period was $1,333.67.**

**ANSWER**: ZB denies the allegations contained in Paragraph 9.

**10. On or about September 1, 2012, the new modified payment plan began, in the lowered amount of $1,333.55.**

**ANSWER**: ZB admits the allegations contained in Paragraph 10.

**11. On or about November 17, 2012, the Plaintiff received a letter from the loan servicer Dovenmuehle indicating that the November payment of $1,333.55 was a partial payment and that an additional $980.88 was due on or before November 31, 2012.**

**ANSWER**: This paragraph makes no allegations against Defendant ZB, and therefore, no response is required. To the extent an answer is deemed necessary, ZB lacks knowledge and/or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 11.

**12. Defendant sent a payment to Dovenmuehle in the amount of $980.88 on December 1, 2012, and another payment on December 9, 2012, in the amount of $1,333.55.**

**ANSWER**: This paragraph makes no allegations against Defendant ZB, and therefore, no response is required. To the extent an answer is deemed necessary, ZB lacks knowledge and/or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 12.

**13. On or about January 3, 2013, at a date after the December payment, the Plaintiff requested and received a payment coupon book which indicated that her monthly payments were to be paid in the amount of $980.88.**

**ANSWER**: This paragraph makes no allegations against Defendant ZB, and therefore, no response is required. To the extent an answer is deemed necessary, ZB lacks knowledge and/or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 13.

**14. On or about January 27, 2013, Plaintiff sent in the February payment of $980.88 based on the coupon book.**

**ANSWER**: This paragraph makes no allegations against Defendant ZB, and therefore, no response is required. To the extent an answer is deemed necessary, ZB lacks knowledge and/or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 14.

**15. On or about February 22, 2013, Plaintiff sent in the March 2013, payment, based on the coupon book.**

**ANSWER**: This paragraph makes no allegations against Defendant ZB, and therefore, no response is required. To the extent an answer is deemed necessary, ZB lacks knowledge and/or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 15.

**16. On or about March 25, 2013, Plaintiff sent in the April payment of $1,333.55 also based on the coupon book.**

**ANSWER**: This paragraph makes no allegations against Defendant ZB, and therefore, no response is required. To the extent an answer is deemed necessary, ZB lacks knowledge and/or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 16.

**17. During the Months of April 2013 through March 2014, the Plaintiff made the required payments in the amount of $1,333.55.**

**ANSWER**: This paragraph makes no allegations against Defendant ZB, and therefore, no response is required. To the extent an answer is deemed necessary, ZB lacks knowledge and/or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 17.

**18. On or about Aril 2, 2014, Plaintiff received a letter from D [sic] that the check for $1,333.55 was being returned because an amount of $16,647.83 was due and payable.**

**ANSWER**: This paragraph makes no allegations against Defendant ZB, and therefore, no response is required. To the extent an answer is deemed necessary, ZB lacks knowledge and/or information sufficient to form a belief as to the truth or falsity of the allegations contained within Paragraph 18.

**19. On or About April 30th, based on Dovenmuehle's letter, Plaintiff sent in a payment in the amount of $2,667.10 to correct the amount that represented a difference the coupon book payments for April and May of 2014.**

**ANSWER**: This paragraph makes no allegations against Defendant ZB, and therefore, no response is required. To the extent an answer is deemed necessary, ZB lacks knowledge and/or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 19.

**20. On or about June 13, 2014, Dovenmuehle sent a letter to the Plaintiff indicating that the $2,667.10 payment made in April was not enough to cover the outstanding balance of $16,647.83 that was due was insufficient to re-instate Plaintiff's account.**

**ANSWER**: This paragraph makes no allegations against Defendant ZB, and therefore, no response is required. To the extent an answer is deemed necessary, ZB lacks knowledge and/or information sufficient to form a belief as to the truth or falsity of the allegations contained within Paragraph 20.

**21. On or about June of 2014, Dovenmuehle returned the April payment.**

**ANSWER**: This paragraph makes no allegations against Defendant ZB, and therefore, no response is required. To the extent an answer is deemed necessary, ZB lacks knowledge and/or

information sufficient to form a belief as to the truth or falsity of the allegations contained within Paragraph 21.

**22. On or about June 16, 2014, Dovenmuehle sent a letter to the Plaintiff indicating that the new loan servicer was the Cenlar corporation.**

**ANSWER**: This paragraph makes no allegations against Defendant ZB, and therefore, no response is required. To the extent an answer is deemed necessary, ZB lacks knowledge and/or information sufficient to form a belief as to the truth or falsity of the allegations contained within Paragraph 22.

**23. Cenlar then requested that the Plaintiff make a July 2014, payment and the Plaintiff made the payment.**

**ANSWER**: This paragraph makes no allegations against Defendant ZB, and therefore, no response is required. To the extent an answer is deemed necessary, ZB lacks knowledge and/or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 23.

**24. Cenlar then requested that the Plaintiff make an August 2014, payment and the Plaintiff also made that payment.**

**ANSWER**: This paragraph makes no allegations against Defendant ZB, and therefore, no response is required. To the extent an answer is deemed necessary, ZB lacks knowledge and/or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 24.

**25. Those two payments were then returned by the loan servicer Cenlar on August 13, 2014.**

**ANSWER**: This paragraph makes no allegations against Defendant ZB, and therefore, no response is required. To the extent an answer is deemed necessary, ZB lacks knowledge and/or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 25.

**26. On April 1, 2024, the Honorable Judge Christian Becerra granted a Temporary Restraining Order (TRO) in favor of Plaintiff, prohibiting Defendant from proceeding with a foreclosure sale scheduled for April 2, 2024.**

**ANSWER**: ZB admits the allegations contained within Paragraph 26.

**27. The TRO was issued without the requisite bond in accordance with Tex. R. Civ. P. 684. Plaintiff posted the bond within 24 hours after the TRO was granted.**[1]

**ANSWER**: ZB denies that the bond was posted prior to the completion of the foreclosure sale. Answering further, ZB admits the remaining allegations contained within Paragraph 27.

**28. Despite the TRO, Defendant proceeded with the foreclosure sale of Plaintiff's property on April 2, 2024, selling it for a price far below market value. Plaintiff suffered a significant loss in equity as a result of this sale.**

**ANSWER**: ZB denies the allegations contained within Paragraph 28.

**29. Defendant has unjustly retained the benefit of this sale despite the technical deficiency in the TRO, which was not caused by Plaintiff.**

**ANSWER**: ZB denies the allegations contained within Paragraph 29.

**30. On April 1, 2024, the Honorable Judge Christian Becerra granted a Temporary Restraining Order (TRO) in favor of Plaintiff, prohibiting Defendant from proceeding with a foreclosure sale scheduled for April 2, 2024.**

---

[1] Although the bond for the TRO was requested in a timely manner, the Court did not issue the TRO until the next day, by which time the property was sold.

**ANSWER**: ZB admits only to the extent that a TRO was issued, but that the TRO was not effective because the bond was not posted, as Plaintiff admits. Answering further, ZB denies the remaining allegations contained within Paragraph 30.

**31. The TRO was issued without the requisite bond in accordance with Tex. R. Civ. P. 684. Plaintiff posted the bond within 24 hours after the TRO was granted.**

**ANSWER**: ZB admits the allegations contained within Paragraph 31.

**32. Despite the TRO, Defendant proceeded with the foreclosure sale of Plaintiff's property on April 2, 2024, selling it for a price far below market value. Plaintiff suffered a significant loss in equity as a result of this sale.**

**ANSWER**: ZB denies the allegations contained within Paragraph 32.

**APPLICATION FOR TEMPORARY RESTRAINING ORDER**

**32. [sic] Plaintiff asks the Court for specific injunctive relief of having her house returned to her free and clear of any encumbrances by the Defendants and incorporate by reference paragraphs 1-32, as set forth fully therein.**

**ANSWER**: ZB admits to the extent that Plaintiff has made requests for certain relief, but denies that Plaintiff is entitled to that relief or any other relief. Answering further, ZB incorporates by reference its answers, and denials, respectively, to Paragraphs 1-32.

**33. Plaintiff's application for a specific temporary restraining order is statutorily authorized.**

**ANSWER**: ZB denies the allegations contained in Paragraph 33.

**34. Plaintiff is likely to recover from Defendants after a trial on the merits because she made the required payments.**

**ANSWER**: ZB denies the allegations contained within Paragraph 34.

**35. If this Court does not grant this request to restrain the Defendants, the Plaintiff will suffer imminent and irreparable harm in that property is unique in nature and cannot be replaced, defendant may cause the property to be sold and the owner may be evicted.**

**ANSWER**: ZB denies the allegations contained within Paragraph 35.

**36. Plaintiff has no adequate remedy at law, therefore, Plaintiff requests that this court issue a temporary Restraining Order and thereafter a Temporary Injunction, to restrain the Defendant from selling the property commonly known as 4123 Fisher Lake Drive, Richmond Texas 77469 as well as taking any legal action to evict the Plaintiff or any other occupants from the aforementioned property or enforcing a writ of possession regarding the aforementioned property.**

**ANSWER**: ZB denies the allegations contained within Paragraph 36.

**37. Plaintiff further requests that upon a trial on the merits, the Defendants be enjoined from the same acts listed in paragraph 36 above.**

**ANSWER**: ZB admits to the extent that Plaintiff has made requests for certain relief, but denies that Plaintiff is entitled to that relief or any other relief.

**38. Plaintiff will likely prevail on the merits set forth in this complaint.**

**ANSWER**: ZB denies the allegations contained within Paragraph 38.

**39. The granting of the relief requested is not inconsistent with public policy considerations.**

**ANSWER**: ZB denies the allegations contained within Paragraph 39.

**40. There is insufficient time to serve notice on Defendants and to hold a hearing on this petition and application because the Plaintiff is requesting that she be turn over the house today.**

**ANSWER**: ZB denies the allegations contained within Paragraph 40.

**BOND**

**41. Plaintiff is willing to post a reasonable bond for the temporary restraining order and requests the Court to set the reasonable bond.**

**ANSWER**: ZB lacks knowledge and/or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 41.

**CAUSES OF ACTION**

**Wrongful Foreclosure**

**42. Wrongful Foreclosure Occurs when there is a defect in the foreclosure sale proceedings; namely when there is a grossly inadequate selling price; and A causal connection between the defect and the grossly inadequate selling price.**

**ANSWER**: ZB objects to Paragraph 42 as it calls for a legal conclusion to which no response is required. To the extent an answer is deemed necessary, ZB lacks knowledge and/or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 42.

**Breach of Contract**

**43. On or about April 15, 2005, Plaintiff and Defendant executed a valid and enforceable written contract. Plaintiff attaches a copy of the contract as Exhibit A and incorporates it by reference. The contract provided Plaintiff would pay a monthly mortgage to the Defendant Amegy Bank and after all of the payments were made, the Defendant would give the Plaintiff ownership of the house.**

**ANSWER**: ZB admits that Plaintiff executed a note and deed of trust in favor of Amegy Mortgage Company, LLC that obligated Plaintiff to make monthly mortgage payments. ZB denies the remaining allegations contained within Paragraph 43.

**44. Plaintiff fully performed her obligations under the contract each month.**

**ANSWER**: ZB denies the allegations contained within Paragraph 44.

**45. Defendant breached the contract by using incorrect accounting, not making proper payments and based on those actions/inactions foreclosing the property.**

**ANSWER**: ZB denies the allegations contained within Paragraph 45.

**46. Defendant's breach caused injury to Plaintiff, which resulted in the following damages: loss of the quiet use and enjoyment of her property and attorney fees.**

**ANSWER**: ZB denies the allegations contained within Paragraph 46.

**47. Plaintiff seeks liquidated damages in the amount of at least $1,000,000.00, which is within the jurisdictional limits of this court.**

**ANSWER**: ZB denies the allegations contained within Paragraph 47.

**48. Attorney fees. Plaintiff is entitled to recover reasonable and necessary attorney fees under the provisions of the written contract, which provides for attorney fees for a prevailing party based on litigation brought under the terms of this contract.**

**ANSWER**: ZB denies the allegations contained within Paragraph 48.

**Promissory Estoppel**

**49. In the alternative to Count 1, Defendant made a promise to Plaintiff that Defendant did not keep.**

**ANSWER**: ZB denies the allegations contained within Paragraph 49.

**50. Defendant promised Plaintiff that Defendant would accept Plaintiff's money, make a proper record of Plaintiff's and after the payments were made deliver title to the property the Plaintiff.**

**ANSWER**: ZB denies the allegations contained within Paragraph 50.

**51. Plaintiff relied on Defendant's promise by paying the amounts requested by the Defendant Amegy Bank, by and through its loan servicers Dovenmuehle. Because of the nature of the promise, Plaintiff's reliance was both reasonable and substantial.**

**ANSWER**: ZB denies the allegations contained within Paragraph 51.

**52. Defendant knew, or reasonably should have known, that Plaintiff would rely on Defendant's promise.**

**ANSWER**: ZB denies the allegations contained within Paragraph 52.

**53. Only if Defendant's promise is enforced can injustice to Plaintiff be avoided.**

**ANSWER**: ZB denies the allegations contained within Paragraph 53.

**54. Plaintiff's reliance on Defendant's promise resulted in injury to Plaintiff, which caused the following damages: loss of the quiet use and enjoyment of her property and attorney fees.**

**ANSWER**: ZB denies the allegations contained within Paragraph 54.

**55. Plaintiff seeks unliquidated damages within the jurisdictional limits of this court.**

**ANSWER**: ZB denies the allegations contained within Paragraph 55.

**56. Attorney fees. Plaintiff is entitled to recover reasonable and necessary attorney fees under Texas Civil Practice & Remedies Code section 38.001(8) because this is a suit for promissory estoppel.**

**ANSWER**: ZB denies the allegations contained within Paragraph 56.

**Unjust Enrichment**

Plaintiff incorporates by reference all prior paragraphs as if fully set forth herein.

**ANSWER**: ZB incorporates its answers, and denials, respectively, to all of the previous paragraphs as though fully set forth herein.

**57. Defendant has been unjustly enriched by selling the Plaintiff's property in violation of the TRO.**

**ANSWER**: ZB denies the allegations contained within Paragraph 57.

**58. Plaintiff conferred a substantial benefit upon Defendant by investing in and improving the property, creating substantial equity.**

**ANSWER**: ZB denies the allegations contained within Paragraph 58.

**59. Defendant appreciated and retained this benefit through the foreclosure sale, which occurred under inequitable circumstances.**

**ANSWER**: ZB denies the allegations contained within Paragraph 59.

**60. It is inequitable for Defendant to retain the benefit of Plaintiff's equity without compensating Plaintiff.**

**ANSWER**: ZB denies the allegations contained within Paragraph 60.

**Equitable Relief**

**61. Plaintiff incorporates by reference all prior paragraphs as if fully set forth herein.**

**ANSWER**: ZB incorporates its answers, and denials, respectively, to all of the previous paragraphs as though fully set forth herein.

**62. Plaintiff seeks equitable relief to recover the lost equity in the property and to remedy the harm caused by the foreclosure sale.**

**ANSWER**: ZB denies the allegations contained within Paragraph 62.

**63. Defendant's actions have caused substantial financial and emotional harm to Plaintiff.**

**ANSWER**: ZB denies the allegations contained within Paragraph 63.

**64. The bond provided by Plaintiff was posted timely and would have provided sufficient protection for Defendant had the foreclosure not proceeded.**

**ANSWER**: ZB denies the allegations contained within Paragraph 64.

**65. Equitable principles require that Plaintiff be restored to the position they were in prior to the foreclosure.**

**ANSWER**: ZB denies the allegations contained within Paragraph 65.

**Breach Of Fiduciary Duty, Amegy Bank, Dovenmuehle Servicing Agency and Cenlar Servicing Agency.**

**66. Defendants had a fiduciary relationship with Plaintiff to act in the Plaintiff's best interest.**

**ANSWER**: ZB denies the allegations contained within Paragraph 66.

**67. Defendants breached its fiduciary duty to Plaintiff by:**

**Misappropriation of assets – Taking or using assets improperly.**

**Conflict of interest – Putting personal interests before duties.**

**Self-dealing – Gaining personal profit from fiduciary roles.**

**Negligent management – Failing to properly handle assets.**

**Poor record-keeping – Not maintaining accurate records.**

**Failure to Properly distribute – Not delivering assets as required.**

**ANSWER**: ZB denies the allegations contained within Paragraph 67.

**68. Defendants' breach of fiduciary duty injured Plaintiff by causing her to lose her home, which resulted in the following damages: loss of the quiet use and enjoyment of her property and attorney fees**

**ANSWER**: ZB denies the allegations contained within Paragraph 68.

**69. Defendant's breach of fiduciary duty benefited Defendants in the following ways: allowing the Defendants to obtain the Plaintiff's property for a below market value and then the profits from the resale of the property.**

**ANSWER**: ZB denies the allegations contained within Paragraph 69.

**70. Plaintiff seeks unliquidated damages within the jurisdictional limits of this court.**

**ANSWER**: ZB denies the allegations contained within Paragraph 70.

**71. Exemplary damages. Plaintiff's injury resulted from Defendants' intentional act, which entitles Plaintiff to exemplary damages under Texas Civil Practice & Remedies Code section 41.003(a).**

**ANSWER**: ZB denies the allegations contained within Paragraph 71.

**ATTORNEY'S FEES**

**72. Plaintiff is entitled to recover reasonable attorney's fees and costs, from the Defendants joint and severally, pursuant to Tex. Civ. Prac. & Rem. Code §§ 37.009, 38.001.**

**ANSWER**: ZB denies the allegations contained within Paragraph 72.

**PRAYER FOR RELIEF**

**WHEREFORE, PLAINTIFF JOHNNIE JEFFERSON respectfully requests that this Court enter judgment in her favor and award the following relief:**

a) Actual damages in the form of lost equity;

b) Equitable relief to restore Plaintiff's position;

c) Attorney's fees and costs of court;

d) Pre- and post-judgment interest;

e) Any other relief to which Plaintiff may be justly entitled.

**ANSWER:** The allegations of the final paragraph of the Complaint are denied.

**AFFIRMATIVE DEFENSES**

Each of the following affirmative defenses is pleaded in the alternative:

1. Plaintiff's Complaint fails to state a claim upon which relief may be granted.

2. Plaintiff's claims are barred by the doctrine of *res judicata*.

3. Plaintiff's claims are barred by the applicable statutes of limitations.

4. Plaintiff's damages, if any, were caused by her own breach of contract.

5. Plaintiff's claims are barred by the economic loss rule.

6. The damages claimed by Plaintiff were proximately caused by the acts or omissions of parties for whose conduct ZB is not responsible, and therefore ZB pleads proportionate responsibility. ZB specifically alleges the following:

a) The fault of third parties not under ZB's control may have contributed to Plaintiff's damages, if any.

b) Plaintiff's own fault contributed to or solely caused her damages, if any.

c) Plaintiff's claims against ZB are barred by her comparative negligence and/or fault or a third party's comparative negligence and/or fault.

7. ZB pleads all applicable statutory or other caps or limitations on damages or damage amounts, including Chapter 41, TEX. CIV. PRAC. & REM. CODE.

8. The existence of the debt was ratified, acknowledged, and agreed by Plaintiff's signing the Note, Deed of Trust, modification, and other loan documents.

9. Plaintiff's promissory estoppel and unjust enrichment claims fail as a matter of law because of the existence of a written contract, here, the Note, Deed of Trust, modification, and other loan documents.

5. ZB asserts that the claims for injunctive relief are barred by the mootness doctrine.

6. Plaintiff's action sounds in or is based on purported violation of the Deed of Trust and therefore Plaintiff is barred from suing under a declaratory judgment theory.

**WHEREFORE, PREMISES CONSIDERED,** ZB NATIONAL ASSOCIATION respectfully requests the Court enter a judgment such that Plaintiff takes nothing on her claims, and for any other relief to which ZB may show itself justly entitled.

Respectfully submitted,

HUSCH BLACKWELL LLP

By: */s/ Sabrina A. Neff*
Sabrina A. Neff
State Bar No. 24065813
sabrina.neff@huschblackwell.com
600 Travis St., Suite 2350
Houston, Texas 77002
(713) 647-6800 – Telephone
(713) 647-6884 – Facsimile

Brandon S. Stein
HUSCH BLACKWELL LLP
2415 E. Camelback Road, Suite 500
Phoenix, AZ 85016
(480) 824-7890 – Telephone
(480) 824-7905 – Facsimile
Brandon.Stein@HuschBlackwell.com
ATTORNEYS FOR DEFENDANT
ZB NATIONAL ASSOCIATION

**CERTIFICATE OF SERVICE**

I certify that a copy of the foregoing ZB National Association's Answer and Affirmative Defenses to Plaintiff's Original Complaint has been served upon all counsel of record via ECF on March 24, 2025.

*/s/ Sabrina A. Neff*
Sabrina A. Neff